UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ISSAC DECRAIS HARRIS # 447304,

        Plaintiff,                                     Case No. 2:17-CV-141

v.                                                           HON. GORDON J. QUIST

C. HORTON, et al.,

        Defendants.
                                      /

## ORDER ADOPTING IN PART AND REJECTING IN PART
## REPORT AND RECOMMENDATION

Plaintiff, a prisoner incarcerated with the Michigan Department of Corrections, filed a complaint against Defendants alleging claims under 42 U.S.C. § 1983. Plaintiff alleges that several Defendants failed to protect him from inmate gang members while he was housed at the Chippewa Correctional Facility, in violation of the Eighth Amendment, and that Defendants LaLonde and Isard retaliated against Plaintiff by reclassifying him to security level IV.

On May 21, 2018, Defendants filed a motion for partial summary judgment based on Plaintiff's failure to exhaust his administrative grievance remedies. On December 28, 2018, Magistrate Judge Timothy Greeley issued a Report and Recommendation (R & R) recommending that the Court grant Defendants' partial motion by dismissing Plaintiff's claims against Defendants Davidsons and Miller without prejudice and dismissing the failure-to-protect claim against Defendant LaLonde without prejudice. (ECF No. 22 at PageID.184.)

Plaintiff has filed an objection to the R & R, arguing that the magistrate judge erred in concluding that Plaintiff failed to properly exhaust his claims. Defendants have filed a response urging the Court to adopt the R & R.

Pursuant to 28 U.S.C. § 636(b), upon receiving an objection to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Plaintiffs' objection, Defendants' response, and the pertinent portions of the record, the Court concludes that the R & R should be adopted in part and rejected in part.

Plaintiff alleges that on January 19, 2017, he requested protection and was placed in segregation. Plaintiff's request stemmed from a 2012 incident at a different facility. The next day, Plaintiff was interviewed by Security Classification Committee (SCC) members Miller and LaLonde to investigate Plaintiff's request for protection. Miller and LaLonde found no evidence of a threat against Plaintiff. Defendants reclassified Plaintiff to be released into the general population, but Plaintiff refused return to general population. Plaintiff alleges that he returned to general population after Miller threatened Plaintiff with a DDO (disobeying a direct order) ticket.

Plaintiff alleges that on March 20, 2017, he was stabbed while he was going to the chow hall. Plaintiff alleges that he reported the incident to Defendant Davidsons, who ordered Defendant Anderson to conduct an investigation. After investigating, Defendant Anderson concluded that Plaintiff had not been stabbed. Plaintiff alleges that he was again denied protection but that he was placed in segregation after he refused to return to his unit. Plaintiff filed a grievance on April 1, 2017, and on April 3, 2017, Plaintiff was interviewed by SCC members Batho and Dunton. During the interview, Plaintiff could not identify the individual who had stabbed him, and he was ordered to return to general population. On April 7, 2017, Plaintiff received a DDO misconduct ticket for refusing to return to general population. Plaintiff received another DDO misconduct ticket for refusing to return to general population on April 23, 2017. On May 1, 2017, Plaintiff was interviewed by SCC members Isard and LaLonde. Plaintiff told Isard and LaLonde that he had been

stabbed by a member of the same gang connected to the earlier assault in 2012, but Plaintiff could not identify the individual who assaulted him. Isard and LaLonde concluded that Plaintiff could not support his request for protection. On May 8, 2017, Plaintiff received another DDO misconduct for refusing to return to general population.

### *Defendant Davidsons*

The magistrate judge concluded that Plaintiff failed to properly exhaust his claim against Defendant Davidsons because the grievance, which named Davidsons on May 1, 2017, for conduct that occurred on March 20, 2017, was rejected as untimely at all three steps of the grievance process. (ECF No. 22 at PageID.181.)

Plaintiff argues that the magistrate judge erred because, although Plaintiff knew he had been stabbed as of March 20, 2017, when the incident occurred, Plaintiff made clear in his grievance that he had been unaware of Defendant Davidsons's misconduct until May 1, 2017, when Defendants Isard and LaLonde told Plaintiff during an SCC interview that Defendant Davidsons failed to prepare a written protection report form. In his Step I grievance, Plaintiff stated that Defendant Davidson failed to conduct a proper investigation, Defendant Davidsons had Defendant Anderson conduct the investigation, and Defendant Davidsons ultimately ordered Defendant Anderson to give Plaintiff a direct order to return to his unit. In other words, as the Court understands it, Plaintiff alleges that his grievance was based on the information that he received from Defendants Isard and LaLonde during the SCC interview. However, Plaintiff did not need such information in order to grieve Defendant Davidsons for failure to conduct a proper investigation following the alleged stabbing in March of 2017. Plaintiff was obviously aware of Davidsons's involvement in the investigation—which Plaintiff claimed was deficient—and nothing prevented Plaintiff from filing a grievance at the time. Moreover, Plaintiff never challenged the Step I denial for untimeliness at

3

Steps II or III by clarifying that lack of information provided a valid reason for the delay.

Thus, Plaintiff's claim against Defendant Davidsons will be dismissed without prejudice.

### *Defendants Miller and LaLonde*

Defendants Miller and LaLonde interviewed Plaintiff on January 20, 2017, after Plaintiff's first request for protection. Plaintiff's request was denied, and Plaintiff was allegedly stabbed on March 20, 2017.

On April 1, 2017, Plaintiff submitted grievance URF 17-04-1071-03B on "the Warden, Deputy Warden, and the RUM of Steamboat for denying the Grievant protection . . . ." (ECF No. 19-2 at PageID.137.) Plaintiff stated that he "had requested . . . protection" and his request was denied for insufficient evidence. Plaintiff further stated that he was threatened with a DDO ticket if he refused to return to general population, and that on March 20, 2017, he was stabbed and again asked for protection. (*Id.*) The Step I grievance was received on April 5, 2017. On April 3—in between the April 1 filing and the April 5 receipt—Assistant Deputy Warden Batho and Assistant RUM Dunton conducted an SCC interview, in which they found Plaintiff uncooperative and concluded Plaintiff failed to demonstrate a need for protection. (*Id.* at PageID.138.) The Step I respondent apparently interpreted the grievance as focusing on the April 3, 2017, SCC interview and found no violation of policy or inappropriate behavior by the SCC on that date. (*Id.*) In his Step II appeal, Plaintiff noted the respondent's "error" in that Plaintiff was complaining of the January 20, 2017, SCC denial of protection and the subsequent March 20, 2017, alleged stabbing. (*Id.* at PageID.135.) The Step II respondent did not acknowledge Plaintiff's clarification in his Step II appeal, but instead affirmed the Step I response. (*Id.* at PageID.136.) In his Step III appeal, Plaintiff stated that the Step I and II respondents were "ignoring and going around the issued (sic) within the grievance" and reiterated that the grievance concerned the January 20, 2017, SCC denial of

4

protection. In fact, Plaintiff said that he was "not talking about the matters after getting my stab." (*Id.* at PageID. 135.) The Step III respondent denied the appeal for the reasons given in the Step I and II responses. (*Id.* at PageID.134.)

The magistrate judge found that the April 1, 2017, grievance concerned the denial of Plaintiff's request for protection on April 1, 2017, but a review of the body of the Step I grievance, as well as Plaintiff's Step II and Step III appeals, indicates that this was not so, as Plaintiff made clear that he was grieving the January 20, 2017, denial of his request for protection. Defendants concede this much in their response to Plaintiff's objection. (ECF No. 29 at PageID.210–11.) The magistrate judge nonetheless concluded that Plaintiff failed to give Defendants Miller and LaLonde fair notice in the Step I grievance that they were being grieved. Plaintiff states that at the time he filed his Step I grievance on April 1, 2017, he did not know Defendants Miller's and LaLonde's names, but he did address them by their job titles. Accordingly, the respondent had sufficient information about the basis of Plaintiff's grievance to identify the individuals Plaintiff intended to name. Plaintiff cannot be charged with the respondents' failures to carefully read and ascertain the basis of Plaintiffs' grievance, which in the Court's judgment was stated clearly enough to allow the respondents to identify the issue and the persons being grieved. *See Burton v. Kakani*, No. 09-10893, 2009 WL 3101046, at *3 (E.D. Mich. Sept. 23, 2009) ("[B]ecause Burton's grievance provided sufficient information based upon which the prison could easily identify the individuals being grieved, it served to exhaust Burton's claims against those individuals despite the fact that the individuals' names were not included in the grievance.").

Finally, in their response, Defendants argue that if Plaintiff had been grieving an SCC decision from January 2017, the grievance would have been rejected as untimely. But, as set forth above, Plaintiff *was in fact* grieving the January 20, 2017, SCC decision, Plaintiff's grievance

5

submissions made this clear, and the respondents had ample basis to reject Plaintiff's grievance as untimely, but they did not do so. Accordingly, Plaintiff properly exhausted his failure-to-protect claims against Defendants Miller and LaLonde.

Therefore,

**IT IS HEREBY ORDERED** that the December 28, 2018, Report and Recommendation (ECF No. 22) is **ADOPTED** with regard to the recommendation to dismiss Plaintiff's claim against Defendant Davidsons without prejudice and **REJECTED** with regard to the recommendation to dismiss the failure to protect claims against Defendants Miller and LaLonde. Plaintiff's Objection (ECF No. 23) is **GRANTED IN PART AND OVERRULED IN PART**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 18) is **GRANTED IN PART AND DENIED IN PART** as set forth above.

Dated: February 27, 2019 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE