UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

ISSAC DECRAIS HARRIS #447304,

       Plaintiff,                               Case No. 2:17-CV-141

v.                                                 HON. GORDON J. QUIST

C. HORTON, et al.,

       Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner, Issac Decrais Harris, pursuant to 42 U.S.C. § 1983. Harris asserts failure to protect and retaliation claims against Defendants C. Horton, D. Isard, R. Batho, J. Miller, D. LaLonde, and K. Dunton. Defendants filed a Motion for Summary Judgment and Qualified Immunity. (ECF No. 65.) On February 11, 2020, U.S. Magistrate Judge Maarten Vermaat issued a Report and Recommendation (R. & R.), recommending that Defendants' motion be granted and that this matter be dismissed. (ECF No. 81.) Harris subsequently filed objections. (ECF No. 82.)

Upon receiving objections to the R. & R., the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). After conducting a de novo review of the R. & R., the objections, and the pertinent portions of the record, the Court concludes that the R. & R. should be adopted.

Before addressing Harris' objections, the Court will briefly summarize the facts in this case. On January 19, 2017, Harris requested protection from a prison gang. When he was interviewed by the Security Classification Committee, Harris provided a vague story about a gang member threatening him on the yard. Harris could not identify the gang member. After failing to verify Harris' version of events by video, Defendants Miller and LaLonde concluded that Harris did not need protection in temporary segregation. Harris alleges that on March 20, 2017, he was stabbed on the way to the chow hall. Despite having been stabbed, Harris went to the chow hall and ate his dinner before reporting the incident. When he was finished eating, Harris went to the control room to report the alleged stabbing. Harris again could not identify his alleged attacker. He was subsequently treated for a minor "superficial injury to skin." Following the alleged stabbing, Harris requested protection. Prison officials again investigated Harris' story but determined that Harris had not been stabbed and that protection was not warranted. Harris, however, refused to return to his cell and was issued a DDO misconduct ticket. Harris then filed a grievance. Over the next several weeks, Harris received several more DDO misconduct tickets and filed several more grievances.

In his objections, Harris argues that Defendants were deliberately indifferent because each Defendant knew of the requests for protection. But the magistrate judge never found that Defendants did not know of the protection requests. Instead, the magistrate judge determined that "prison officials conducted multiple investigations of Harris's claims – including his claims regarding the alleged stabbing – and concluded that Harris was not stabbed and did not face a substantial risk of assault." (ECF No. 81 at PageID.461.) As the magistrate judge correctly concluded, "[a]t best, like the plaintiff in *Stewart* [*v. Love*, 696 F.2d 43 (6th Cir. 1982)], Harris may establish that Defendants were negligent, but Harris has not adduced evidence showing that

2

any Defendant was consciously aware of a serious threat to Harris and acted with deliberate indifference to that threat." (*Id.* at PageID.467.)

As to the retaliation claims, Harris does not specifically object to the magistrate judge's finding that the DDO misconduct tickets were not retaliatory. Instead, Harris seems to suggest that returning him to "Level 2 East Side" was an adverse act. Harris states that he was stabbed in Level 2 East Side and that Defendant LaLonde told him he was going back to Level 2 East Side because he filed a grievance. Harris alleges that this statement was made on April 14, 2017. "If the defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgment." *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) . Here, the record establishes that, after it was determined that Harris was not stabbed and that there was no substantial risk of harm, Officer Anderson ordered Harris to return to his unit on March 20, 2017. (ECF No. 83-1 at PageID.486.) Harris did not file his first grievance until April 1, 2017. (ECF No. 1 at PageID.9.) Because Harris was ordered to return to his unit before he filed any grievance, Defendants have shown that they would have taken the same action in the absence of the protected conduct.

**Accordingly, IT IS HEREBY ORDERED** that the February 11, 2020, Report and Recommendation (ECF No. 81) is **adopted** as the Opinion of the Court. Harris' objections (ECF No. 82) are **overruled**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 65) is **GRANTED** for the reasons set forth in the R. & R. Therefore, Harris' claims are **dismissed with prejudice**.

This case is **concluded**.

A separate judgment will enter.

Dated: May 6, 2020                                         /s/ Gordon J. Quist
                                                                             GORDON J. QUIST
                                                            UNITED STATES DISTRICT JUDGE